**Alonzo STARKEY, James Goins, and John Corporal, all individually and on behalf of all others similarly situated**

v.

**TOWNSHIP OF CHESTER, a municipal organization and the Board of Supervisors of the Township of Chester.**

Civ. A. No. 86–0865.

United States District Court,
E.D. Pennsylvania.

Feb. 25, 1986.

Clinton L. Johnson, Chester, Pa., for plaintiffs.

Christopher J. Gorbey, Media, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

Plaintiffs seek a preliminary injunction against a Chester Township Ordinance regulating Pit Bull dogs. Township of Chester, Pa, Ordinance No. 1–1986 (Feb. 6, 1986). Counsel advise that no reported case has considered the constitutionality of such a law.

The Ordinance defines the breed of dog by American Kennel terminology and seeks to reach dogs "bred for fighting." The key finding in the Ordinance is:

"Pit Bulls are considered dangerous dogs and potentially hazardous to the community."

Any Pit Bull running loose is subject to police action. Licenses for Pit Bulls may be purchased at fees ranging from $500 per year for one dog to $3000 for each Pit Bull above three. Pit Bull keepers must post a $20,000 bond to cover injuries caused by their dogs. Pit Bulls must be confined in a secure place. Pit Bulls removed from confinement must be leashed and muzzled. A Pit Bull which attacks a person must be destroyed or removed from Chester Township. The Ordinance became effective February 12, 1986.

Plaintiffs attack the Ordinance as facially discriminatory for applying just to Pit Bulls, not other breeds of dogs, thus violating the equal protection rights of plaintiffs. There are also claims that the Ordinance violates plaintiffs' First Amendment rights, due process rights and the interstate commerce clause. Plaintiffs also claim that the Ordinance imposes license fees for Pit Bulls and for no other breed of dog and that these fees "are not reasonably related to the costs of the license fees ..." Complaint, at ¶ 26.

I find that plaintiffs' chances of prevailing on the merits are too slim to justify a preliminary injunction, weighing the harm to be suffered by plaintiffs from complying with the Ordinance against the risk of harm to the citizens of Chester Township if I grant the relief.

This Ordinance probably meets the traditional rational basis test for judging equal protection claims under the Fourteenth Amendment. *Barry v. Barchi*, 443 U.S. 55, 67, 99 S.Ct. 2642, 2650, 61 L.Ed.2d 365 (1979); *Northeast Bancorp., Inc. v. Board of Governors of the Federal Reserve System et al.,* — U.S. —, 105 S.Ct. 2545, 2555–56, 86 L.Ed.2d 112 (1985). In this sphere of social regulation, I properly defer to a legislative judgment of necessity and reasonableness.[1] *Keystone Bituminous Coal Association v. Duncan*, 771 F.2d 707, 718 (3d Cir.1985). The Chief of Police testified at the hearing that there were complaints of Pit Bulls chasing residents, including police, that Pit Bulls were the most dangerous breed of dog in his experience and that he recommended the Ordinance to the Board of Supervisors.

The Township could reasonably determine, as it did, that Pit Bulls are dangerous. The Township's Health Officer testified that the regulation was necessary in this densely populated Township; the Pit Bull bites to kill without signal. The Township does not have to regulate every dangerous animal at the same time in the same way to pass constitutional muster. The Township has not gone too far, insofar as the present record shows in regulating, licensing and charging fees for Pit Bulls.[2] *See Williamson County Regional Planning Commission v. Hamilton Bank,* — U.S. —, 105 S.Ct. 3108, 3122–24, 87 L.Ed.2d 126 (1985). The First Amendment

---

**1.** The experience of the Township Dog Control Officer ranked Pit Bulls at the top of the list of dangerous dogs. Minutes of Township Meeting, 2/6/86, Exhibit D, Motion To Dismiss. At the hearing, plaintiffs' counsel advised the Court that what led to the Ordinance were complaints that a Pit Bull, Grumpy, had attacked a child. Plaintiff Starkey testified at the hearing that its owner, Mr. Goins had not controlled Grumpy.

**2.** *Wackenhut Corp. v. Calero*, 362 F.Supp. 715 (D.C.P.R.1973) is different since the statute prohibiting the use of trained dogs by private detectives was not *"reasonably* necessary for the accomplishment of the governmental purpose...." 362 F.Supp. at 718 (emphasis in original) (citing *Bates v. Little Rock*, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1959)).

and Commerce Clause claims are frivolous on this record.

Accordingly, the motion for a preliminary injunction is DENIED.